**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 24 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NIKI-ALEXANDER SHETTY, AKA Satish Shetty, an individual,

        Plaintiff-Appellant,

 v.

SUNTRUST MORTGAGE, INC., a Virginia Corporation; DOES, 1-10, Inclusive,

        Defendants-Appellees.

No. 16-56476

D.C. No. 2:16-cv-04130-AG-E

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted August 9, 2017**

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

    Niki-Alexander Shetty, AKA Satish Shetty, appeals pro se from the district

court's judgment dismissing his action alleging claims related to a consent

judgment and an unlawful detainer action between SunTrust Mortgage, Inc. and

---

        *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

third parties.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008).  We affirm.

Dismissal of Shetty's action was proper because Shetty lacks standing to enforce the terms of a government consent judgment with SunTrust Mortgage, Inc., and he failed to allege facts sufficient to show that he has standing to prosecute claims arising from an allegedly wrongful unlawful detainer action filed against the third-party borrower.  *See Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 273-74, 289-90 (2008) (elements of Article III standing; prudential standing requires that a party must assert its own legal rights and may not assert the legal rights of another).

The district court did not abuse its discretion by denying leave to amend because amendment of the complaint would be futile.  *See United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) (setting forth standard of review).

**AFFIRMED.**

16-56476